IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| BANKERS STANDARD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 9:19-cv-0248-DCN |
| vs. | ) ) | ORDER |
| DAREN WAYNE CHALMERS and SHAKERA KILPATRICK, as the Special Administrator of the Estate of Lavon Stanford, | ) ) ) ) | |
| Defendants. | ) ) ) | |

The following matter is before the court on defendant Bankers Standard Insurance Company's ("BSIC") motion for summary judgment, ECF No. 23. For the reasons discussed below, the court denies the motion without prejudice.

## I. BACKGROUND

This declaratory judgment action arises out of a single-vehicle accident that occurred in Jasper County, South Carolina. On October 24, 2017, Daren Chalmers ("Chalmers") used Edwardo Kriete's ("Kriete") 2005 Toyota pickup truck (the "truck") to tow a friend's Jeep Grand Cherokee from Pineland, South Carolina to Ridgeland, South Carolina. Another friend of Chalmers, Lavon Stanford ("Stanford"), rode along in the passenger seat of the truck. At some point during the drive, Chalmers lost control of the truck, which ran off the road, struck a ditch, and flipped over. As a result of the accident, Stanford sustained severe injuries that ultimately led to his death. After the accident, a lawsuit was filed on behalf of Sanford against Chalmers in the Jasper County Court of Common Pleas (the "underlying action").

1

Kriete, the owner of the truck, is a resident of El Salvador who maintained an insurance policy with BSIC. Although Kriete resides in El Salvador, he owns land in Pineland. Years before the accident, Kriete retained Woodrow Cuyler ("Cuyler"), who lived across the street, to manage his Pineland property. Kriete allowed Cuyler to use the truck to assist with the property's upkeep. Chalmers is the grandson of Cuyler, which is how Chalmers gained access to Kriete's truck.

On January 28, 2019, BSIC filed this lawsuit against Chalmers and Sanford (collectively, "defendants") seeking a declaratory judgment of its defense and coverage obligations to Chalmers under the liability policy between it and Kriete (the "BSIC Policy"). ECF No. 1. In its complaint, BSIC alleges that it is entitled to a declaration that there is no coverage under the BSIC policy for any claims arising out of the October 24, 2017 accident, and therefore that is has no duty to defend and/or indemnify Chalmers in the underlying lawsuit. On December 16, 2019, BSIC filed a motion for summary judgment. ECF No. 23. On January 8, 2020, defendants responded. ECF No. 28. BSIC did not file a reply, and the time to do so has now expired. Thus, this matter is now ripe for the court's review.

## II.  STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) of the Federal Rules of Civil Procedure requires that the district court enter judgment against a party who, "'after adequate time for discovery . . . fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial.'" Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 190 (4th Cir. 1997) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, it may discharge its burden by demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The non-movant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

Any reasonable inferences are to be drawn in favor of the nonmoving party. Anderson, 477 U.S. at 255, Webster v. U.S. Dep't of Agric., 685 F.3d 411, 421 (4th Cir. 2012). However, to defeat summary judgment, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence. See Anderson, 477 U.S. at 252;

Stone, 105 F.3d at 191. Rather, "a party opposing a properly supported motion for summary judgment . . . must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat, 346 F.3d at 522 (quoting Fed. R. Civ. P. 56(e) (2002) (amended 2010)). If the adverse party fails to provide evidence establishing that the fact finder could reasonably decide in his favor, then summary judgment shall be entered "regardless of '[a]ny proof or evidentiary requirements imposed by the substantive law.'" Id. (quoting Anderson, 477 U.S. at 248).

### III.  DISCUSSION

BSIC's complaint seeks a declaration that Chalmers is not entitled to coverage under the BSIC Policy because Chalmers is not an "insured person" as defined by the policy. In response, defendants assert two arguments. First, they contend that genuine issues of material fact preclude summary judgment based their expert's report. Second, they argue that summary judgment is premature because they have not had an adequate opportunity to engage in discovery. The court addresses each argument in turn and finds that the latter precludes summary judgment.

"An insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law." Auto Owners Ins. Co. v. Rollison, 663 S.E.2d 484, 487 (S.C. 2008). "The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language." Beaufort Cty. Sch. Dist. v. United Nat'l Ins. Co., 709 S.E.2d 85, 90 (S.C. Ct. App. 2011) (citing Schulmeyer v. State Farm Fire & Cas. Co., 579 S.E.2d 132, 134 (S.C. 2003)). "If the contract's language is clear and unambiguous, the language alone, understood in its plain, ordinary, and popular sense,

determines the contract's force and effect." Id. (citing Schulmeyer, 579 S.E.2d at 134). However, an insurance contract which is "in any respect ambiguous or capable of two meanings" must be construed strictly against its drafter, the insurer. Reynolds v. Wabash Life Ins. Co., 161 S.E.2d 168, 169 (S.C. 1968)).

The BSIC Policy between BSIC, the insurer, and Kriete, its insured, includes the following provisions relevant to BSIC's first declaratory judgment claim:

**PERSONAL UMBRELLA COVERAGE**

1. [BSIC] will pay damages <u>an insured person</u> becomes legally liable to pay for personal injury or property damage caused by an occurrence to which this insurance applies . . .

ECF No. 24 at 9 (emphasis added).

**DEFINITIONS**
…
9. <u>Insured person</u> means:

a. You and residents of your household who are:

**(1)** Your *family members*; or

**(2)** Other persons under the age of 25 and in the care of any person described above;

…

c. With respect to any motor vehicle to which this policy applies, any person using the vehicle with an <u>insured person</u>'s consent with respect to their legal responsibility arising out of its use.

Id. at 8 (emphasis added). In other words, "insured persons" who are covered by the BSIC Policy's personal umbrella coverage are: (1) the insured, Kriete, (2) Kriete's family members who live at home, (3) other persons under the age of 25 and in Kriete's care, and (4) with respect to motor vehicle insurance, any person using a covered vehicle with consent from Kriete or another insured person. The BSIC Policy goes on to explicitly

state that: "We do not cover any person who uses a [covered vehicle] without permission from you or a family member." Id. at 15.

BSIC argues that Chalmers is not an "insured person" because he does not fall into any of the above-stated categories. Specifically, BSIC argues that there is no genuine issue of material fact that Kriete did not give his consent for Chalmers to use the truck. BSIC has presented an affidavit of Kriete, in which he states that "Cuyler was the only person authorized to use the truck. . ." and "I expressly prohibited []Cuyler from allowing any persons other than himself to operate the truck." ECF No. 23-3, Kriete Aff. ¶¶ 8, 10. Thus, BSIC has presented evidence that Chalmers was not given consent to use the truck and thus is not an "insured person" under the BSIC Policy.

In response, defendants first contend that their expert's opinion precludes a grant of summary judgment. Defendants' expert, Louis Fey ("Fey") has prepared a report, which, defendants claim, "illustrates the questions of fact raised by Chalmers' recorded statement, Kriete's affidavit, and the ambiguities of the [BSIC] Policy that make summary judgment improper." ECF No. 28 at 4. In other words, defendants argue that summary judgment is inappropriate because Fey, an insurance expert, has reviewed the facts of the case and the BSIC Policy and determined that genuine issues of material fact exist. This argument is wholly without merit.

The court is the sole authority on the law. At the summary judgment stage, it is the duty of the court, and only the court, to consider the admissible evidence and determine whether the movant is entitled to judgment as a matter of law. The legal opinions of an insurance expert, or of any expert, have no bearing on the court's determination of legal issues. The interpretation of an insurance policy is a legal issue.

Likewise, whether a genuine dispute of material fact exists in a given case is a legal issue. Thus, these issues are within the exclusive purview of the court. As such, the court will ignore to the legal conclusions of Fey and determine the appropriateness of summary judgment on its own accord.

Next, defendants argue that summary judgment on this claim is procedurally premature because they have not had an adequate opportunity to discover evidence essential to their opposition of summary judgment. The court agrees.

Fed. R. Civ. P. 56(d)[1] states:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

It is well-settled that a district court should refuse summary judgment "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986). However, a "party opposing summary judgment cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." Harrods Ltd. v. Sixty

---

[1] This rule was previously codified at Fed. R. Civ. P. 56(f). See Fed. R. Civ. P. 56, Comments to the 2010 Amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)"). Therefore, much of the caselaw that discusses the rule does so with reference to 56(f). However, because the amendment effected no substantive change to the rule, the court finds that caselaw discussing pre-amendment Rule 56(f) applies with equal force to its consideration of post-amendment Rule 56(d).

Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (citing Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961 (4th Cir. 1996)) (internal quotation marks removed). Generally, the proper vehicle for such a complaint is a Rule 56(d) affidavit in which a party declares the need for additional discovery.

In fact, the Fourth Circuit has stated that

> reference to Rule 56[d] and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56[d] affidavit[,] and the failure to file an affidavit under Rule 56[d] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.

Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994). Nevertheless, in Harrods Ltd., a more recent case, the Fourth Circuit embraced a less formalistic approach, finding that summary judgment is not justified "if the nonmoving party's objections before the district court serve[] as the functional equivalent of an affidavit, and if the nonmoving party was not lax in pursuing discovery." 302 F.3d at 245. There, the Fourth Circuit found that summary judgment was not warranted because the nonmoving party "adequately fulfilled the purpose of Rule 56[d] by putting the district court on notice of the reasons why summary judgment was premature [in its memorandum opposing summary judgment]." Id.

Here, defendants have not filed a Rule 56(d) affidavit. However, defendants provide the court with "the functional equivalent" in their response to BSIC's summary judgment motion. Specially, defendants have stated that summary judgment "is premature" because "[d]iscovery is incomplete and is not scheduled to close until May 8, 2020," "no depositions have been taken," and BSIC "only recently served its answers to

8

Defendants' interrogatories and Requests for Production on December 3, 2019." ECF No. 28 at 4.  Further, defendants have argued that they "are entitled to an opportunity to depose Kriete" because Kriete's conduct with respect to the truck may constitute implied consent for Chalmers to use the truck.  In support of that contention, defendants have presented evidence that Cuyler did not have a personal vehicle, that Cuyler used the truck routinely, that Cuyler kept the truck at his house without any supervision from Kriete for five years, and that Chalmers routinely drove the truck two to three times per week.  See ECF No. 28-2.  While this evidence does not necessarily give rise to a genuine issue of disputed fact with respect to whether Chalmers had implied consent to use the truck,[2] it entitles defendants to discover whether more evidence of implied consent exists, especially at this early stage of discovery.  Indeed, equity demands that defendants have an adequate opportunity to respond in full to BSIC's motion.[3]

For these reasons, the court denies BSIC's motion for summary judgment as premature because defendants have not had "the opportunity to discover information [] essential to [their] opposition."  Liberty Lobby, 477 U.S. at 250 n.5.  Because the court's finding is procedurally based, it denies the motion for summary judgment without prejudice.  BSIC may file a subsequent motion for summary judgment after the parties have engaged in adequate discovery.

---

[2] "Implied consent involves an inference arising from a course of conduct or relationship between the parties, in which there is a mutual acquiescence of lack of objection under the circumstances signifying assent." Keeler v. Allstate Ins. Co., 198 S.E.2d 793, 795 (S.C. 1973).

[3] Defendants claim that BSIC's counsel has consistently represented that he has been unable to make contact with Kriete, despite now filing an Affidavit of Kriete in support of BSIC's summary judgment motion.

## IV. CONCLUSION

For the foregoing reasons the court **DENIES** the motion for summary judgment without prejudice.

**AND IT IS SO ORDERED.**

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**March 12, 2020**
**Charleston, South Carolina**